UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
00 JAN 19 AM 8: 17

CLERK'S OFFICE
U.S. DISTRICT COURT

NICOLAS FILIS, et al.,
   v.
LUQUILLO PARASAIL, INC., et al.
   v.
AQUASPORTS RESORT ENTERTAINMENT, et al.

CASE NUMBER: 96-2416 (DRD)

## ORDER

This action was commenced on November 20, 1996. (Docket No. 1). On May 1, 1998, Defendants, Luquillo Parasail Inc. and Indemnity Casualty & Property Ltd., filed a Third Party Complaint against Third Party Defendants, Sports Chutes Over Texas, Inc. ("Sports Chutes"), Commercial Water Sports ("Commercial"), ABC Insurance, and DEF Insurance. Sports Chutes was dismissed from this case on August 5, 1999. (Docket No. 77).

First, a Margin Order was issued on February 6, 1999 granted Defendants Luquillo Parasail, Inc., and Indemnity Casualty & Property Limited granting them sixty (60) days to retain new counsel. (Docket No. 66). Then on February 8, 1999, the Court issued an Order as follows:

> "Motion Requesting Withdrawal of Legal Representation (Docket No. 66) by attorney, Ivan Dominguez, on behalf of Defendants Luquillo Parasail, Inc., and Idemnity (sic) Casualty & Property Limited is hereby **GRANTED**.
>   Therefore, Defendants Luquillo Parasail, Inc., and Idemnity (sic) Casualty & Property Limited are granted **thirty (30) days** to acquire new counsel.
>   This notice is to be sent by the Court to the Defendants at the addresses stated on the last page of the motion. The addresses are restated here for convenience:
>
> **Luquillo Parasail, Inc.**
> P.O. Box 1769
> Luquillo, Puerto Rico 00773
>
> **Indemnity Casualty & Property Limited**
> 5444 Westheimer, Suite 1640
> Houston, TX 77056"

(Docket No. 69). Notwithstanding, when the Court held a pretrial conference on August 31, 1999, Defendants Luquillo Parasail, Inc., and Indemnity Casualty & Property Limited did not attend the conference nor had they acquired new counsel. In fact, Defendants have not filed a motion in the year

Rec'd:          EOD:

By: _____  # 90

since the request of withdrawal by counsel. In the case at bar, Defendants were given a clear unambiguous directive which Defendants have not followed. Because of the absence of any filing with the Court, I find that the disobedience was without excuse and deliberate. "Prejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). Consequently, this Court holds that Defendants failure to respond to an Order and failure to attend the August 31, 1999 conference warrants the sanction of entry of default. See Id.; Spiller v. U.S.V. Lab., Inc.,842 F.2d 535 (1st Cir. 1988) (Dismissal due to failure to obey Court order to retain new counsel, inter alia); Goldman, Antonetti v. Medfit Int'l, Inc., 982 F.2d 686 692 (1st Cir. 1993) (dismissal with prejudice for failure to attend pretrial and settlement conference); see also Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990) ("[W]ell established principle that discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation."). Therefore, Defendants, Luquillo Parasail, Inc., and Indemnity Casualty & Property Limited, are hereby held in **DEFAULT**.

The Court, at the August 31, 1999 pretrial conference instructed Commercial, given the above facts, to move for dismissal within ten (10) days. (Docket No. 83). Commercial complied on September 2, 1999. (Docket No. 82). Correspondingly, that motion (Docket No. 82) is **GRANTED** and the Third Party Defendant, Commercial Water Sports is hereby **DISMISSED** from this case. As a consequence, the Motion To Dismiss (Agreement and Release of Liability) (Docket No. 73), and the Motion To Dismiss (Spouse's Emotional Injury Claims) (Docket No. 74) filed by Commercial are rendered **MOOT**.

On two other short matters. First, the Notice of Change of Address (Docket No. 83), filed by Plaintiffs is **NOTED** and the Clerk of Court is to take notice accordingly. Second, the Motion Requesting Extension of Time (Docket No. 84) is rendered **MOOT** since the extension requested, until October 20, 1999, to address a maritime jurisdictional issue has elapsed. However, in light of recent developments in the case and should the settlement negotiations fail to bear fruit, the Court will allow the parties to revisit this jurisdictional issue. _The maritime issue will not bar the trial setting in the case_.
IT IS SO ORDERED.

Date: January 13, 2000                                DANIEL R. DOMINGUEZ
P:\PEACHORD ERS\96-2416 DIS                           U.S. District Judge